# STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Vermont Unit | ENVIRONMENTAL DIVISION<br>Docket No. 14EC00986 |

| | |
|---|---|
| Agency of Natural Resources,<br>　　　Petitioner<br><br>v.<br><br>Earth Waste & Metal, Inc.,<br>　　　Respondent | **JUDGMENT ORDER** |

Before the Court is the Agency of Natural Resources civil citation 14EC00986 against Earth Waste & Metal, Inc. (Respondent). The Agency of Natural Resources (ANR) issued citation 14EC00986 on October 20, 2014 for the violation of 10 V.S.A. § 7558(a)(1) at 3046 Case Street in East Montpelier, Vermont (facility) for the use of an unregistered facility to collect electronic waste. The Court held a hearing on March 16, 2015 at the Environmental Division in Burlington, Vermont. As summarized below, ANR and Respondent offered witness testimony and exhibits relating to the citation.

After the parties had a full opportunity to present evidence, the Court took a brief recess to review the evidence, conduct legal research, and deliberate. The Court then reconvened the hearing and announced its Findings of Fact, Conclusions of Law, and Order. This Judgment Order is provided as a summary of those Findings and Conclusions and to satisfy the Court's obligation under Vermont Rule of Civil Procedure 58. To the extent the reader wishes to review the Court's Findings and Conclusions, the reader is referred to the audio record of the March 16, 2015 hearing.

ANR testified, through Solid Waste Compliance Specialist Barbara Schwendtner, that it conducted an investigation of the facility after receiving a letter from Stephanie Elnicki, Vice President of Earth Waste & Metal, Inc., notifying them of Respondent's use of the unregistered facility to collect electronic waste. Respondent had two contracts to handle their electronic waste: a mandatory contract with Casella Waste Systems requiring the company to accept electronic waste at a rate of $0.05 per pound and a discretionary contract with Good Point Recycling.

Respondent testified that it received and consolidated the electronic waste at the facility in late September after both Casella and Good Point Recycling refused to accept further deliveries. In response, Respondent contacted ANR in an effort to compel Casella to receive additional waste. In an effort to provide grassroots access to responsible recycling, Respondent continued to accept electronic waste at its four registered sites. As a result, Respondent accumulated 6,000 pounds, or 14 gaylords, of electronic waste, as defined in 10 V.S.A. § 7551(10). Respondent off-loaded this electronic waste from trailers and stored it in the facility without registering the facility with ANR as an electronic waste collector pursuant to 10 V.S.A. § 7558(a)(1).

1

The Court concludes that ANR has met its burden to prove the alleged violation by a preponderance of the evidence. See 10 V.S.A. § 8013(a) ("The agency issuing the order shall have the burden of proof by a preponderance of the evidence."). Respondents transported electronic waste by trailer from its registered collection sites in Barre, Northfield, Brandon, and Bradford to the facility. Once it removed the electronic waste from the trailers and consolidated it within the facility, Respondents were no longer considered transporters and became collectors as defined by 10 V.S.A. § 7551(4). Pursuant to 10 V.S.A. § 7558(a)(1), this requires registration of the facility with ANR. By failing to register the 3046 Case Street facility, Respondents violated 10 V.S.A. § 7558(a)(1). For this reason, we **AFFIRM** the citation.

Finding that a violation has occurred, the Court must determine the amount of a penalty that should be assessed against a party who has challenged the ANR order. 10 V.S.A. § 8012(b)(1). The Court therefore considers the criteria set forth in 10 V.S.A. § 8010(b). Having no evidence on the degree of actual or potential impact on public health, safety, welfare, and the environment resulting from the violation; Respondents record of compliance; or the state's actual cost of enforcement, we do not consider these criteria. We do, however, consider any mitigating factors, Respondent's knowledge of the requirement, the need for deterrence, and the duration of the violation. Balancing the clear mandate of the statute and the ease of registration with Respondent's role in this matter, which arose due to their self-reporting, their prompt correction of the violation, their request for assistance from ANR, and the importance of ensuring that electronic waste is appropriately managed and not discarded, we **ORDER** that Respondents pay a penalty of $450 within 30 days.

This completes the current proceedings before this Court.

Electronically signed on March 18, 2015 at 08:58 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division